FILED

1990 OCT -9  PM 1: 54

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Fannie Lewis,                        :        Case No. 1:89CV0632
                                     :
                    Plaintiff        :        Magistrate David S. Perelman
                                     :
          v.                         :
                                     :
Secy Health & Human Services,        :        MEMORANDUM OPINION AND ORDER
                                     :
                    Defendant        :
                                     :


          This Court is constrained to remand this action, brought
pursuant to 42 U.S.C. §§405(g) and 1383(c), seeking judicial review
of the denial of plaintiff's application of May 26, 1987 for an
award of supplemental security income benefits, 42 U.S.C. §1381 et
seq., for the reason that the decision of the Administrative Law
Judge (hereinafter ALJ) upon de novo review, which stands as the
defendant's final determination consequent to denial of review by
the Appeals Council, did not directly address the specifically
articulated basis of the plaintiff's claim of disability.
Consequently, this Court has no way of determining whether the
denial of plaintiff's claim represents application of a proper legal
standard and/or is consistent with the "substantial evidence"
standard of Richardson v. Perales, 402 U.S. 389 (1971).

          Both before the ALJ and on this appeal, the plaintiff maintains
that she was entitled to be deemed disabled as of her application
date for the reason that she met the requisites of Listing 10.10A

AO 72A
Rev. 8/82)

of the Secretary's Listing of Impairments.[1] That Listing provides for recognition of disability by reason of obesity, provided that the claimant is of a weight equal to or greater than that set out in accompanying tables and has a "history of pain and limitation of motion in any weight bearing joint or spine (on physical examination) associated with x-ray evidence of arthritis in a weight bearing joint or spine."

The plaintiff is unquestionably obese. But the matters of her exact height and her relevant weight are not, from this record, clear cut propositions.

At the de novo hearing the plaintiff testified that she was 5'5" tall. In a patient note entered in September 1983 her height was stated as 66 inches (R. 129). In report of Pulmonary Function Study performed in February 1987 the plaintiff was said to be 65 inches tall (R. 166). In a report of consultative examination

---

[1]In a "Request To Consider Additional Evidence" counsel has tendered a copy of a Disability Determination And Transmittal notice reflecting that the plaintiff was found disabled, and entitled to SSI, as of April 1, 1990. This Court finds that to be of no relevance to the issue of whether the plaintiff was disabled three years earlier. In addition, this Court has no other cases, previously spoken to the impropriety of plaintiff's counsel submitting requests "to consider additional evidence" which simply consist of exhibits without any cogent explanation as to how that evidence could properly be considered by this federal court in an action under §405(g). Counsel is now cautioned that, if this practice continues, in the future this Court will seriously consider striking such a pleading sua sponte, and imposing Rule 11 sanctions as a consequence of such submission.

.O 72A ⊕
Rev. 8/82)

performed in June 1988 a height of 65 1/2 inches is stated.[2]

The matter of the plaintiff's height is plainly of substantial importance, in that under Table II of Listing 10.10 she would have to weigh 266 pounds to satisfy the weight element of that Listing, whereas if she was an inch taller she would have to weigh eight more pounds to do so.

The matter of the plaintiff's weight presents a similar, but slightly different, problem. Here the question involves not only fluctuations in the plaintiff's weight, but also the issue of at what point, or over what period, in time the plaintiff's weight is to be assessed.

Plaintiff's brief simply postulates as a given that the plaintiff satisfies the weight requisite of Listing 10.10, without even suggesting the evidence relied upon in that respect. Considering that the plaintiff's recorded weight in May 1987, when her application was filed, was 264 pounds, below the minimum for an individual 5'5" tall, this Court would expect a somewhat more cogent postulation of the plaintiff's position.

Defendant, on the other hand, argues that the plaintiff's weight must have satisfied the table values "on a consistent basis" for a twelve month period, and contends that looking to the plaintiff's weight during the years 1984 and 1985 it can be seen that she did not satisfy that standard.

---

[2]In medical records appended to the "Request To Consider Additional Evidence" the plaintiff's height is stated at 5'5" in August 1989 and 65 3/4" in July 1990. While not a matter of record in this action, those discrepancies are noted as consistent with the previous inconsistency.

3

This Court must reject the government's thesis. If it was to be assumed that the standard to be applied is constancy of weight, rather than an average or mean weight, over a period of at least one year, a question which remains open on this record, the relevant period would not be 1984 and 1985. Rather, it would be from May 1986, one year before the plaintiff's application date, forward.

The record reflects that the plaintiff's weight, as set out in various medical records, as of and after May 1986 was: March 1987, 272 pounds; May 1987, 264 pounds; September 1997, 264 pounds; May 1988, 276 pounds; June 1988, 280.5 pounds; and, June 1988, 274 pounds. The average of those six readings is 271.75 pounds, with the mean weight 272-274. At the de novo hearing held May 5, 1988 the plaintiff testified that "Last time I weighed I weighed 277."

In his decision the ALJ did not address the issue of whether the plaintiff did or did not meet Listing 10.10A. In fact, there is no mention whatsoever of that Listing in his ruling, even though at the conclusion of the de novo hearing plaintiff's counsel stated "It's Ms. Lewis' position that she meets the impairment listing under the 10.10 series of impairment listings," a position reiterated in a post-hearing submission to the ALJ. Therefore, that ruling offers no insights into the primary question of whether the ALJ even considered Listing 10.10A, or, assuming that he did, what fact determinations he reached on the questions of the plaintiff's height and weight, and the standard to be applied as regards the weight requirement.

Because of these unknowns, this Court has no way of

4

ascertaining whether, if the ALJ even considered Listing 10.10, the ALJ may have concluded that the plaintiff could not satisfy that Listing because she failed to meet the table weight values or whether it was because she did not meet the secondary element called for under subsection A of the Listing.

With regard to that secondary element, this record plainly reflects a "history of pain and limitation of motion in any weight bearing joint or spine." Where the record appears to be uncertain is with respect to whether the only x-ray in evidence, taken in June or July 1988[3] upon referral of the Social Security authorities, documents "evidence of arthritis" within the contemplation of the Listing. In this Court's opinion, that is a question which called for expert medical interpretation, and no such evidence appears in this record.[4]

If this Court was satisfied that this record compelled the conclusion that the plaintiff was entitled to an award of SSI under her application of May 26, 1987, a final judgment to that effect would be entered. This Court is not satisfied that such is the case. As this Court believes that it was, and is, the ALJ's duty to directly address the plaintiff's claim of disability under Listing 10.10A, making such factual determinations as are necessary to a resolution thereof, this action must be, and is hereby,

---

[3]Although in their briefing the parties refer to that x-ray as from June 1988, the x-ray report itself appears to reflect that such procedure was performed July 26, 1988.

[4]A secondary issue which a medical expert could speak to is whether an x-ray taken in mid-1988 could be deemed probative of the plaintiff's physical state some fourteen months earlier.

5

remanded for further proceedings, consistent with the terms of this opinion.

IT IS SO ORDERED

DAVID S. PERELMAN
United States Magistrate

DATED:  October 9, 1990

AO 72A
(Rev. 8/82)